```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JANE PERRY                                    :   CIVIL ACTION
                                              :
      v.                                      :   05-5767
                                              :
MANOR CARE, INC.                              :
A/K/A/ & D/B/A MANOR CARE AND HRC MANOR CARE  :
                                              :
      v.                                      :
                                              :
DENNIS T. MONTEIRO, M.D.                      :
ROBERT D. NESBIT, M.D.                        :
ANITA ROWAN-SCHWARTZ, CRNP                    :
```

**MEMORANDUM AND ORDER**

**JOYNER, J.**                                                **JULY 13, 2006**

Pursuant to the motion now pending before this court, Defendant Manor Care, Inc. (a/k/a and d/b/a Manor Care and HCR Manor Care) ("Defendant") moves to dismiss Plaintiff Jane Perry's ("Plaintiff") Complaint and to abstain from the instant action in deference to an alleged parallel proceeding in the Court of Common Pleas of Montgomery County, Pennsylvania. In the alternative, Defendant seeks to stay the action pending the resolution of the alleged parallel state proceeding. For the reasons set forth below, the motion to dismiss and abstain, or, in the alternative, to stay the case, shall be DENIED.

## I.   Factual and Jurisdictional Background

Plaintiff claims that in November 2003, she underwent the total replacement of her right hip and was later admitted to Defendant's nursing home in King of Prussia, PA, where she remained a patient from November 2003 until April 2004.  (Pl.'s Compl. ¶¶ 13, 14, 15.)  Plaintiff argues that, throughout her stay at Defendant's nursing home, Robert J. Pearlstein, D.O. ("Pearlstein") acted as her primary medical care physician and that Third-Party Defendants Dennis T. Monteiro, M.D. ("Monteiro"), Robert D. Nesbit, M.D. ("Nesbit"), and Anita Rowan-Schwartz, CRNP ("Rowan-Schwartz") ("Third-Party Defendants") furnished care for Plaintiff's leg wounds.  (Pl.'s Compl. ¶¶ 16, 17.)  According to Plaintiff, from November 2003 to April 2004, due to the negligent conduct and professional care of Pearlstein and Third-Party Defendants, she showed signs and symptoms of developing and progressing pressure ulcers in various locations of her right foot and leg, which became more invasive and resistant to treatment, resulting in the amputation of her right leg on April 22, 2004, and in extensive antibiotic and rehabilitation therapy.  (Pl.'s Compl. ¶¶ 19, 20, 25, 26, 35a-ii.)

On November 1, 2005, Plaintiff filed her Complaint in the United States District Court for the Eastern District of Pennsylvania against Defendant based on the facts above, claiming: (1) Defendant's negligent medical care and treatment of Plaintiff; (2) Defendant's vicarious liability for the negligent medical care and treatment of Plaintiff by Defendant's alleged agents and/or employees (Pearlstein and Third-Party Defendants); and (3) Defendant's own corporate negligence.  On January 13, 2006, Defendant filed a third-party complaint impleading Third-Party Defendants as to claim (1) of the Complaint.

On November 4, 2005, Plaintiff filed a complaint in the Court of Common Pleas of Montgomery County, Pennsylvania, against Pearlstein, Suburban Geriatrics, P.C. ("SG"), Monteiro, Nesbit, Rowan-Schwartz, and Plastic Surgery Specialists, P.C. ("PSS") based on the same facts as this case, claiming: (1) negligent medical care and treatment of Plaintiff by defendants Pearlstein, Monteiro, Nesbit, and Rowan-Schwartz; and (2) vicarious liability against defendants SG and PSS for the negligent medical care and treatment of Plaintiff by defendant Pearlstein and defendants Monteiro, Nesbit, and Rowan-Schwartz, respectively.  On February 7, 2006, defendants/third-party plaintiffs Monteiro, Nesbit, and Rowan-Schwartz impleaded Defendant and Manor Care Health Services

– King of Prussia (a/k/a Manor HealthCare Corp.) ("Manor Care Health Services") as to claim (1) of the state complaint.

## II. Discussion

As noted, Defendant here asks this Court to abstain in favor of the state action. "Abstention is a judicially-created doctrine, born out of a concern for the maintenance of our federal system, under which a federal court will decline to exercise its jurisdiction so that a state court . . . will have the opportunity to decide the matters at issue." Coles v. City of Philadelphia, 145 F. Supp. 2d 646, 650 (E.D. Pa. 2001) (citing Heritage Farms, Inc. v. Solebury Twp., 671 F.2d 743, 746 (3d Cir. 1982), cert. denied, 456 U.S. 990 (1982)). "Federal district courts have a virtually unflagging obligation to exercise the jurisdiction given them" and "may abstain from hearing cases and controversies only under exceptional circumstances where the order to the parties to repair to the state court would clearly serve an important countervailing interest." IFC Interconsult v. Safeguard Int'l Partners, 483 F.3d 298, 305 (3d Cir. 2006) (citing Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 817 (1976)). "Generally, as between state and federal courts, the rule is that the pendency of an action in the state court is no bar to proceedings concerning the same matter

in the federal court having jurisdiction." Colorado River, 424 U.S. at 817 (citing McClellan v. Carland, 217 U.S. 268, 282 (1910)). "The general rule regarding simultaneous litigation of similar issues in both state and federal courts is that both actions may proceed until one has come to judgment, at which point that judgment may create a res judicata or collateral estoppel effect on the other action." Univ. of Maryland at Baltimore v. Peat Marwick Main & Co., 23 F.2d 265, 275-76 (3d Cir. 1991).

Defendant's motion to dismiss and abstain is based on the abstention doctrine derived from the Supreme Court's decision in Colorado River Water Conservation District v. United States, 424 U.S. 800 (1976). In Colorado River, the Supreme Court recognized that "there are certain extremely limited circumstances in which a federal court may defer to pending state court proceedings based on considerations of 'wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation.'" Ryan v. Johnson, 115 F.3d 193, 195 (3d Cir. 1997) (citing Colorado River, 424 U.S. at 817).[1]  Thus,

---

[1] "The three traditional doctrines are Pullman, Burford and Younger abstention.  Under Railroad Comm'n of Texas v. Pullman Co., 312 U.S. 496 . . . (1941), and its progeny, abstention is proper where a state court determination of a question of state law might moot or change a federal constitutional issue presented in a federal court case.  Under Burford v. Sun Oil Co., 319 U.S. 315 . . . (1943), and its progeny, abstention is proper where the federal case presents

the Court held that "when there are concurrent state proceedings, in 'exceptional' circumstances, a district court may stay or dismiss" the federal proceedings. Leonard v. Educators Mut. Life Ins. Co., 2005 WL 1041188, at *2 (E.D. Pa. May 5, 2005). Deciding whether to dismiss a federal action because of parallel state proceedings rests "on a careful balancing of the important factors as they apply in a given case, with the balancing heavily weighted in favor of the exercise of jurisdiction." Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 16 (1983). In assessing the circumstances underlying an abstention request, the following factors should be considered: "(1) which court first assumed jurisdiction over property; (2) the inconvenience of the federal forum; (3) the desirability of avoiding piecemeal litigation; (4) the order in which jurisdiction was obtained; (5) whether federal or state law controls; and (6) whether the state court will adequately protect the interest of the parties." Spring City Corp. v. American Bldgs. Co., 193 F.3d 165, 171 (3d Cir. 1999).

---

questions of state law in which the state has expressed an interest in establishing a coherent policy in a matter of substantial concern. Finally, under Younger v. Harris, 401 U.S. 37 . . . (1971), and its progeny, abstention is proper where federal jurisdiction has been invoked in order to restrain certain state proceedings." Peerless Heater Co. v. Chevron Chemical Co., 1998 WL 195706, at *2 n.1 (E.D. Pa. Mar. 27, 1998).

The Third Circuit Court of Appeals has further determined that "[a] threshold issue that must be determined in any Colorado River abstention case is whether the two actions are parallel. If they are not, then the district court lacks the power to abstain." Ryan, 115 F.3d at 196.  In general, cases are parallel if they "involve the same parties and substantially identical claims raising nearly identical allegations and issues." IFC Interconsult, 438 F.3d at 306 (quoting Yang v. Tsui, 416 F.3d 199, 204-05 n.5 (3d Cir. 2005) (internal quotations omitted)). "The cases need not be identical, however, there must be a likelihood that the state litigation will dispose of all the claims presented in the federal case." Flint v. A.P. Desanno & Sons, 234 F. Supp. 2d 506, 510-11 (E.D. Pa. 2002) (citing CFI of Wis., Inc. v. Wilfran Agric. Indus., Inc., 1999 WL 994021, at *2 (E.D. Pa. Nov. 2, 1999)).

**A.   Parallel Parties**

The Third Circuit Court of Appeals has recognized that complete identity of the parties for abstention has never been required.  IFC Interconsult, 438 F.3d at 306.  In this respect, several District Courts in the Eastern District of Pennsylvania have weighed in on the issue of parallel parties for Colorado River abstention purposes.  In essence, federal and state cases

are sufficiently parallel if all of the parties in the federal case are also parties in the state case, even if the state case involves additional parties.  CFI of Wis., Inc., 1999 WL 994021, at *2 (citing Albright v. Sears, Roebuck & Co., 1995 WL 664742, at *1 (E.D. Pa. Nov. 7, 1995)).  See also Williams v. Gilkey, 1995 WL 574342, at *2 (E.D. Pa. Sept. 26, 1995) (holding that if the defendant in the federal action is also the defendant in the state action, the parties are considered parallel regardless of whether there are any additional defendants in the state action); Peerless Heater Co. v. Chevron Chemical Co., 1998 WL 195706, at *2 (E.D. Pa. Mar. 27, 1998) (concluding that reversal of roles does not alter the parallel nature of the federal and state cases);  Regscan, Inc. v. Brewer, 2005 WL 1459532, at *2 (E.D. Pa. June 17, 2005) (concluding that "where . . . there are additional parties in the federal action who are not parties in the state action, the parallel nature of the two actions is called into question.").

To determine whether the parties in this case and the state case are parallel for our purposes, we need to consider that all of the parties in this case are also parties in the state case, namely: (1) Plaintiff is a plaintiff in the state case; (2) Defendant is a third-party defendant in the state case; and (3)

8

Third-Party Defendants are defendants/third-party plaintiffs in the state case.  Furthermore, four parties in the state case are not parties in this case.[2]  In view of this, we conclude that the parties are sufficiently parallel for Colorado River abstention purposes.

### B.  Parallel Claims

"The Colorado River analysis . . . turns on the claims brought, rather than upon whether or not those claims can trace their origin to a common nucleus of operative fact."  <u>Oliver v. Sid Bernstein, Ltd.</u>, 1997 WL 135751, at *4 (E.D. Pa. Mar. 11, 1997).  <u>See also</u> <u>Certain Underwriters at Lloyd's, London v. Ross</u>, 1998 WL 372304, at *3 (E.D. Pa. June 17, 1998) (explaining that "[j]ust because a concurrent state court proceeding arises out of and involves the same underlying set of operative facts as does the federal action, it does not duplicate it.").  The Third Circuit Court of Appeals has agreed that state and federal claims are parallel when "the state litigation will dispose of all of the claims raised in the federal case."  <u>Spring City Corp.</u>, 193 F.3d at 171.  <u>See also</u> <u>Univ. of Maryland at Baltimore</u>, 923 F.2d at 276 (explaining that "while certain issues to be litigated in

---

[2]  The additional parties in the state case are Pearlstein, SG, PSS, and Manor Care Health Services.

9

[federal court] . . . may be identical to issues that have been or will be raised . . . in state court, the lack of identity of all issues necessarily precludes Colorado River abstention."); Oliver, 1997 WL 135751, at *2 ("A finding that the federal case involves claims that are distinct from those at issue in the state court eliminates the parallelism required to invoke Colorado River abstention."). Therefore, for a state case to dispose of all federal claims, "the state court must be able to address all claims." Moore v. John S. Tilley Ladders Co., 1993 WL 46684, at *2 (E.D. Pa. Feb. 23, 1993).

Plaintiff's claims in both this case and the state case arise from the medical care and treatment of Plaintiff in Defendant's nursing home after undergoing a total right hip replacement surgery, which resulted in the amputation of Plaintiff's right leg. Defendant argues that the cases are parallel for several reasons, among others, because the central determination in both cases, no matter how Plaintiff legally frames the allegations, is whether Defendant, Pearlstein and/or Third-Party Defendants provided inadequate wound care to Plaintiff and whether such alleged conduct caused her leg to be amputated. (Def.'s Mot. to Dismiss and Abstain, at 9.) Defendant also argues that while both cases are not identical,

the state action will dispose of all the claims in this case. (Id. at 10.)  We disagree for the reasons set forth below.

In the state case, there are claims of negligence against four individual defendants and claims of vicarious liability against two corporate defendants resulting from the negligence of the individual defendants, their alleged agents and/or employees. Defendant is a third-party defendant in the state action and is subject to a claim of vicarious liability resulting from the negligence of the individual defendants, its alleged agents and/or employees.  In the federal case, there is a claim of vicarious liability against Defendant resulting from the negligence of the three individual Third-Party Defendants, Defendant's alleged agents and/or employees.  The three individual Third-Party Defendants are subject to a claim of negligent medical care and treatment.  Finally, there is also a claim of corporate negligence against Defendant.  Consequently, the state court could address the federal claims against Defendant and Third-Party Defendant for negligent medical care and treatment and vicarious liability resulting from such negligence.  However, in the state action there is no claim of corporate negligence.

The Supreme Court of Pennsylvania adopted the doctrine of corporate negligence in Thompson v. Nason Hospital, 591 A.2d 703 (Pa. 1991).  There, the Court recognized that "[c]orporate negligence is a doctrine under which the hospital is liable if it fails to uphold the proper standard of care owed the patient, which is to ensure the patient's safety and well-being while at the hospital."  Thompson, 591 A.2d at 707.  Under this tort, "a corporation is held *directly liable, as opposed to vicariously liable, for its own negligent acts*."  Welsh v. Bulger, 698 A.2d 581, 585 (Pa. 1997) (emphasis added).  "Because the duty to uphold the proper standard of care[3] runs directly from the hospital to the patient, an injured party need not rely on the negligence of a third-party, such as a doctor or nurse, to establish a cause of action in corporate negligence."  Id. (citing Moser v. Heistand, 681 A.2d 1322, 1325 (Pa. 1996).  Therefore, "[a] cause of action for corporate negligence arises

---

[3]  A hospital has the following duties under the doctrine of corporate negligence:

> (1) a duty to use reasonable care in the maintenance of safe and adequate facilities and equipment; (2) a duty to select and retain only competent physicians; (3) a duty to oversee all persons who practice medicine within its walls as to patient care; and (4) a duty to formulate, adopt and enforce rules and policies to ensure quality care for the patients.

Welsh v. Bulger, 698 A.2d 581, 585 (Pa. 1997) (citing Thompson, 591 A.2d at 707).

from the policies, actions or inaction of the institution itself rather than the specific acts of individual hospital employees." Id.

It is important to note that while the Supreme Court of Pennsylvania has not addressed the extension of corporate liability to health care facilities and providers other than hospitals, other federal courts and lower state courts have done so. Dontonville v. Jefferson Health Sys., 2002 WL 59318, at *3 (E.D. Pa. Jan. 14, 2002). Some health care facilities and providers to which the corporate negligence doctrine has been extended include health maintenance organizations (HMOs), medical professional corporations, and nursing homes. See, e.g., Shannon v. McNulty, 718 A.2d 828 (Pa. Super. Ct. 1998) (extending corporate negligence in the health care context to HMOs because, like hospitals, they are responsible for a patient's total health); Fox v. Horn, 2000 WL 49374 (E.D. Pa. Jan. 21, 2000) (extending corporate negligence liability to a medical professional corporation); Frantz v. HCR Manor Care, Inc., 64 Pa. D. & C. 4th 457 (Schuylkill Cty. 2003) (dismissing a defendant's preliminary objection to a corporate negligence claim against a nursing home after finding that the plaintiff had pleaded sufficient facts that would entitle him to relief). But

13

see Milan v. American Vision Ctr., 34 F. Supp. 2d 279 (E.D. Pa. 1998) (declining to recognize corporate negligence in the context of optometrist's offices for not playing a gate-keeping role in the care of patients).

In order for Plaintiff to prevail in its corporate negligence claim, it is necessary for Plaintiff to show that Defendant had "actual or constructive knowledge of the defect or procedures that created the harm" and that Defendant's negligence was "a substantial factor in bringing about the harm" to Plaintiff." Thompson, 591 A.2d at 708 (internal citations omitted). Unless Defendant's negligence is obvious, Plaintiff must produce expert testimony to establish that Defendant deviated from an accepted standard of care. Welsh, 698 A.2d at 585.

Based on the foregoing, it is clear that under Pennsylvania law a claim of corporate negligence is independent and distinct from traditional negligence through vicarious liability. In the state case, Plaintiff would not be able to recover from Defendant in the state action unless the individual defendants are found to have been responsible for Plaintiff's injuries. Similarly, in the federal case, if Defendant is found to have been responsible for Plaintiff's injuries under the corporate negligence doctrine,

the defendants in the state case would not necessarily be held responsible for Plaintiff's injuries.  Indeed, "it is important . . . that only truly duplicative proceedings be avoided" and that "when the claims, parties or requested relief differs, deference may not be appropriate."  Lexington Ins. Co. v. Caleco, Inc., 2003 WL 21652163, at *2 (E.D. Pa. Jan. 25, 2003) (citing Complaint of Bankers Trust Co. v. Chatterjee, 636 F.2d 37, 40 (3d Cir. 1980).  Therefore, since not all of Plaintiff's claims in this case can be disposed of in the state case as it currently stands, we conclude that the claims are not sufficiently parallel for Colorado River abstention purposes.

### III.  Conclusion

In view of the fact that this case and the state case are not parallel because the claims stated in each of them are not parallel, we conclude that abstention under the Colorado River doctrine is inapplicable.  Since this court lacks the power to abstain from hearing this case, therefore, Defendant's motion to dismiss and abstain, or, in the alternative, to stay the proceedings, is hereby denied pursuant to the attached order.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JANE PERRY | : CIVIL ACTION |
| | : |
| v. | : 05-5767 |
| | : |
| MANOR CARE, INC. | : |
| A/K/A/ & D/B/A MANOR CARE AND HRC MANOR CARE | : |
| | : |
| v. | : |
| | : |
| DENNIS T. MONTEIRO, M.D. | : |
| ROBERT D. NESBIT, M.D. | : |
| ANITA ROWAN-SCHWARTZ, CRNP | : |

**ORDER**

AND NOW, this 13th day of July, 2006, upon consideration of Defendant's Motion to Dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(1) (Doc. No. 11) and all responses in opposition and support thereof (Docs. Nos. 18 and 22), it is hereby ORDERED that such motion is DENIED for the reasons set forth in the preceding Memorandum Opinion.

BY THE COURT:

s/J. Curtis Joyner
J. CURTIS JOYNER, J.